# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LANCE M. WHITE,            )

                       )

        Plaintiff,        )       Civil Action No. 11-433

                       )

        v.              )       Judge Fischer/

                       )       Magistrate Judge Bissoon

CHRISTOPHER CAPOZZI, Deputy Attorney ;   )

General of Penn., Criminal Law Division; and   )

AT LEAST 10 UNNAMED DEFENDANTS TO   )

BE JOINED UPON RECEIPT OF PERSONAL   )

INFORMATION SUCH AS ADDRESSES   )

                       )

        Defendants.      )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the case be dismissed with prejudice for failure to comply with this Court's orders, filed on April 5, 2011, ECF No. [2], and on April 28, 2011, ECF No. [3].

## II. REPORT

Lance M. White ("Plaintiff"), at the time he initiated this suit, was incarcerated at SCI-Huntingdon. Plaintiff named eleven Defendants; one, by name, Christopher Cappozzi and ten, by general description. Plaintiff's complaint arises out of him being prosecuted in the Butler County Court of Common Pleas by Defendant Cappozzi for drug crimes. Plaintiff claims that the evidence presented at this trial was "pure falsehood and fabrication." ECF No. [1] at 3. Plaintiff also claims that he is being denied access to the courts by unnamed corrections personnel who are allegedly falsifying misconducts that result in him not being able to access attorneys, courts, typewriters and legal research. Id. at 5 to 6.

The Clerk's Office received Plaintiff's complaint unaccompanied by either the filing fee or a motion for leave to proceed *in forma pauperis* ("IFP"). Accordingly, the Court issued an order on April 11, 2011, directing Plaintiff to rectify this by April 20, 2011. See ECF No. [2]. Plaintiff did not. As such, on April 28, 2011, the Court issued an order to show cause why this suit should not be dismissed due to Plaintiff's failure to comply with the Court's April 11, 2011 order. The show cause order required that Plaintiff file a response by May 13, 2011. To this day, Plaintiff has not filed a response nor has he requested an extension of time in which to do so.

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of

---

[1] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the court of appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

Consideration of the Poulis factors listed above is as follows:

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

There is no indication that Defendants have been prejudiced by Plaintiff's failures.

(3) A history of dilatoriness.

Plaintiff has twice failed to obey court orders: the April 5, 2011 order, directing him to either pay the filing fee or file an IFP motion by April 20, 2011 and, the April 28, 2011 show cause order. Plaintiff's utter failure to respond to the two orders is sufficient evidence, in this

Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's orders, and it is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

(6) Meritoriousness of Plaintiff's case.

It is difficult to assess the meritoriousness of Plaintiff's claims at this early stage given the vagueness of the complaint. To the extent that Plaintiff seeks to sue Defendant Cappozzi for his role in prosecuting Plaintiff, the case would likely be dismissible based upon prosecutorial immunity. Jennings v. Shuman, 567 F.2d 1213, 1221-22 (3d Cir. 1977) ("a prosecutor is entitled to absolute immunity 'while performing his official duties' as a [sic] officer of the court, even if, in the performance of those duties, he is motivated by a corrupt or illegal intention.") (citation omitted). To the extent that Plaintiff seeks to sue any of the defendants for their role in adducing "pure falsehood and fabrication" at Plaintiff's criminal trial, such would be barred if he seeks to hold those defendants liable for their testifying against him at trial. Briscoe v. La Hue, 460 U.S. 325 (1983) (police officers, like anyone else testifying in judicial proceedings are absolutely immune for their testimony even if the testimony was allegedly perjurious). To the extent that Plaintiff's claims herein would necessarily call into question his convictions, which are apparently at the heart of this case, see, e.g., ECF No. [1] at 3 (complaining of his convictions,

occurring on March 19, 2009),[2] such would be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Hence, this factor weighs in favor of dismissal.

In light of the foregoing, we find that the <u>Poulis</u> factors, taken together, weigh in favor of dismissal. Consequently, this Court recommends that Plaintiff's case be dismissed with prejudice for failing to comply with the orders of April 5, 2011, and April 28, 2011.

## III. <u>CONCLUSION</u>

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's case be dismissed with prejudice.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules, objections to this Report and Recommendation are due by June 17, 2011. Failure to file objections by this date will constitute a waiver of any appellate rights. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


May 31, 2011                                    _____
                                               Cathy Bissoon
                                               United States Magistrate Judge
cc:
        The Honorable Nora Barry Fischer
        United States District Judge


        LANCE M. WHITE
        GA-2002
        1100 Pike Street
        Huntingdon, PA 16654-1112

---

[2] We take judicial notice of the criminal court dockets of the Court of Common Pleas of Butler County in Plaintiff's criminal case. <u>Commonwealth v. Lance White</u>, No. CP-10-CR-0001052-2008 (document dated 3/19/09 but entered 3/20/09, showing guilty verdicts as to the very same three charges that Plaintiff references in his complaint, ECF No. [1] at 3). The dockets are available at <u>http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-10-CR-0001052-2008</u> (site last visited 5/31/2011).